1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RUBEN R. RAEL,                              No.  2:19-cv-01448 CKD

12                  Plaintiff,

13          v.                                    ORDER

14   ANDREW SAUL, Commissioner of Social
     Security,
15
                   Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying an application for disability insurance benefits and supplemental

20   security income under Titles II and XVI of the Social Security Act ("Act").  The parties have

21   consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the

22   entry of final judgment.  For the reasons discussed below, the court will partially grant plaintiff's

23   motion for summary judgment while denying it on the issue of remedy; and deny the

24   Commissioner's cross-motion for summary judgment.

25   BACKGROUND

26          Plaintiff, born in 1981, applied on August 24, 2016 for disability insurance benefits and

27   supplemental security income, alleging disability beginning December 31, 2007.  Administrative

28   Transcript ("AT") 18, 28.  Plaintiff alleged he was unable to work due to left leg injury, two

                                                    1

bulging discs in his spine, anxiety, and memory loss.  AT 59.  In a decision dated July 27, 2018, the ALJ determined that plaintiff was not disabled.[1]  AT 18-29.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2012.
>
> 2.  The claimant has not engaged in substantial gainful activity since December 31, 2007, the alleged onset date.
>
> 3. The claimant has the following severe impairments: neurovascular complications in his left lower extremity post vascular repair with skin grafting and fracture of the left leg bones; anxiety disorder, not otherwise specified; and borderline intellectual functioning.
>
> 4.  The claimant does not have an impairment or combination of

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work, except the claimant cannot push, pull, or operate foot controls with the left lower extremity.  He can occasionally climb ramps and stairs, but he can never climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl.  He is limited to jobs that can be performed while using a handheld assistive device required at all times while standing or walking.  The contralateral upper extremity can be used to lift up to the exertional limits.  The claimant is limited to simple routine repetitive tasks.  The claimant is limited to low stress work, which means only occasional decision-making required and occasional changes in the work setting.

6. The claimant's capacity for performing past relevant work is not material because there is insufficient information about the claimant's past work and all potentially applicable Medical-Vocational Guidelines would direct a finding of 'not disabled' given his age, education, and residual functional capacity.

7.  The claimant was born on XX/XX/1981 and was 26 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8.  The claimant has at least a high-school education and is able to communicate in English.

9.  Transferability of job skills is not an issue in this case because there is insufficient information regarding the claimant's past work.

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2007, through the date of this decision.

AT 20-29.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ improperly relied on vocation expert (VE) testimony to find that the two available jobs identified by the VE existed in significant numbers.

////

////

3

1    LEGAL STANDARDS

2         The court reviews the Commissioner's decision to determine whether (1) it is based on

3    proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

4    as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial

5    evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340

6    F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable

7    mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th

8    Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is

9    responsible for determining credibility, resolving conflicts in medical testimony, and resolving

10   ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

11   "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

12   rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

13        The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

14   Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

15   conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

16   affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

17   also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

18   administrative findings, or if there is conflicting evidence supporting a finding of either disability

19   or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

20   1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

21   weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

22   ANALYSIS

23        Plaintiff contends that neither of the two jobs identified by the VE as viable for someone

24   with plaintiff's RFC existed in significant numbers, such that the finding of nondisability is not

25   supported by substantial evidence.[2]

26   _____

27   [2] Defendant asserts that plaintiff waived this issue by failing to raise it before the ALJ during the
     hearing. (ECF No. 14 at 5-6.)  In Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017), the
     Ninth Circuit held that "when a claimant fails entirely to challenge a vocational expert's job
28   numbers during administrative proceedings before the agency, the claimant forfeits such a

1     At Step Five of the sequential evaluation, the ALJ found as follows:

2          [T]he Administrative Law Judge asked the vocational expert whether
           jobs exist in the national economy for an individual with the
3          claimant's age, education, and residual functional capacity.   The
           vocational expert testified that given all of these factors the
4          individual would be able to perform the requirements of
           representative occupations such as those set forth below:
5

6

| Job Title | DOT Number | Exertional Level | Skill Level | Approximate Number of Jobs Existing in the National Economy |
|-----------|------------|------------------|-------------|--------------------------------------------------------------|
| Inspector | 669.687-014 | Sedentary | 2 | 200,000 |
| Order Clerk | 209.567-014 | Sedentary | 2 | 225,000 |

11

12         The undersigned finds these numbers of jobs to be significant.
           Pursuant to SSR 00-4p, the undersigned has determined that the
13         vocational expert's testimony is consistent with the information
           contained in the Dictionary of Occupational Titles.

14         Based on the testimony of the vocational expert, the undersigned
           concludes that, considering the claimant's age, education, and
15         residual functional capacity, the claimant is capable of making a
           successful adjustment to other work that exists in significant numbers
16         in the national economy.   A finding of 'not disabled' is therefore
           appropriate under the framework of the above-cited rule.
17

18    AT 28-29; see AT 54-55 (hearing testimony of vocational expert).

19         According to the Social Security Act:

20         An individual shall be determined to be under a disability only if his
           physical or mental impairment or impairments are of such severity
21         that he is not only unable to do his previous work but cannot,
           considering his age, education, and work experience, engage in any
22         other kind of substantial gainful work which exists in the national
           economy .... For purposes of the preceding sentence (with respect to
23         any individual), "work which exists in the national economy" means
           work which exists in significant numbers either in the region where
24         such individual lives or in several regions of the country.

25    _____

26    challenge on appeal[.]"   Here, however, plaintiff raised a challenge to the VE's job numbers
      before the Appeals Council.  AT 330-344.  Because plaintiff raised this issue "during
27    administrative proceedings before the agency," it is not waived.  See, e.g., Harris v. Berryhill,
      2018 WL 3493778, *5 (C.D. Cal. July 20, 2018) (plaintiff preserved challenge to job numbers for
28    district court review by raising issue to the Appeals Council) (collecting cases).

1    42 U.S.C. § 423(d)(2)(A); see also 42 U.S.C. § 1382c(a)(3)(B).  The Ninth Circuit has "never set

2    out a bright-line rule for what constitutes a 'significant number' of jobs."  Beltran v. Astrue, 700

3    F.3d 386, 389 (9th Cir. 1986).  The burden of establishing that there exists other work in

4    "significant numbers" lies with the Commissioner.  Tackett v. Apfel, 180 F.3d 1094, 1099 (9th

5    Cir. 1999).

6         Regulations at 20 C.F.R. § 416.966(d) provide that the agency will take

7         administrative notice of reliable job information available from
          various governmental and other publications. For example, we will
8         take notice of—

9         (1) Dictionary of Occupational Titles, published by the Department
          of Labor;
10

11        (2) County Business Patterns, published by the Bureau of the Census;

12        (3) Census Reports, also published by the Bureau of the Census;

13        (4) Occupational Analyses prepared for the Social Security
          Administration by various State employment agencies; and

14        (5) Occupational Outlook Handbook, published by the Bureau of
          Labor Statistics.
15

16   In addition to these sources, a Commissioner may rely on a vocational expert's response to a

17   properly formulated hypothetical question to show that jobs that a person with the claimant's

18   RFC can perform exist in significant numbers.  20 C.F.R. §§ 404.1566(e).

19   **A. Dowel Inspector**

20        Plaintiff disputes that the first identified job, inspector, exists in significant numbers.  The

21   Dictionary of Occupational Titles (DOT) lists the job as "Dowel Inspector (Woodworking)" and

22   describes its duties as follows: "Inspects dowel pins for flaws, such as square ends, knots, or

23   splits, and discards defective dowels."  See https://occupationalinfo.org/66/669687014.html (last

24   visited September 15, 2020).  The ALJ adopted the VE's testimony that 200,000 such jobs were

25   available nationwide.

26        Plaintiff avers that "dowel inspector" is a subgroup of a larger group of jobs, Standard

27   Occupational Classification (SOC) code 51-9061, known as "Inspectors, Testers, Sorters,

28

1   Samplers, and Weighers" and consisting of hundreds of distinct jobs.  See AT 332-336.  Plaintiff

2   cites BLS data indicating that, as of May 2017, there were 557,510 jobs in the SOC 51-9061

3   umbrella group nation.  AT 332.  Plaintiff argues that it is unrealistic to assume that 200,000 of

4   these were dowel inspector jobs, especially in light of 2016 BLS data indicating that only 6,500

5   individuals in SOC 51-9061 worked in wood product manufacturing.  AT 333.

6          Defendant counters that the ALJ properly relied on VE testimony about the availability of

7   this job in the national economy, citing Bayliss v. Barnhart, 427 F.3d 1211 (9th Cir. 2005).  In

8   Bayliss, the Ninth Circuit held that "the ALJ's reliance on the VE's testimony regarding the

9   number of relevant jobs in the national economy was warranted.  An ALJ may take administrative

10  notice of any reliable job information, including information provided by a VE."  Id. at 1217,

11  citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995); see also 20 C.F.R. § 416.966(e).

12  However, when a VE's testimony undergirds a challenged decision by the agency, that testimony

13  is not beyond dispute.  See Mize v. Saul, 2:18-cv-03202-AC, 2020 WL 528850, *5 (E.D. Cal.

14  Feb. 3, 2020) (though "what constitutes a significant number of jobs remains a factual

15  determination reserved to the ALJ," the court may "review the ALJ's factual determinations to

16  ensure they are supported by substantial evidence"), citing DeLorme v. Sullivan, 924 F.2d 841,

17  846 (9th Cir. 1996).

18         As to the first identified job, the undersigned concludes that the ALJ's finding that there

19  were 200,000 dowel inspector positions is not supported by substantial evidence.

20  **B.  Order Clerk**

21      The second job the VE identified for plaintiff was order clerk.  The DOT lists this job as

22  "Order Clerk, Food and Beverage (hotel & rest.)" and describes its duties as taking food and

23  beverage orders, answering questions about food or service, communicating orders to kitchen

24  staff, and collecting payment.  See https://occupationalinfo.org/20/209567014.html (last visited

25  September 17, 2020).  The ALJ adopted the VE's testimony that 225,000 such jobs were

26  available nationwide.

27          Plaintiff makes two arguments as to this job: first, that the VE's job numbers were

28  inaccurate, and second, that its requirements likely exceed plaintiff's mental RFC, which is

7

1   limited to "simple routine repetitive tasks."  AT 22.  Plaintiff points out that the job of order clerk

2   requires Level 3 reasoning (see DOT 209.567-014), which requires the worker to "[a]pply

3   commonsense understanding to carry out instructions furnished in written, or diagrammatic form.

4   Deal with problems involving several concrete variables in or from standardized situations."

5   DOT Appendix C § III.

6          The Ninth Circuit has held that "there is an apparent conflict between the residual

7   functional capacity to perform simple, repetitive tasks, and the demands of Level 3 Reasoning."

8   Zavalin v. Colvin, 778 F.3d 842, 847 (9th Cir. 2015).  Thus, there is an apparent conflict between

9   plaintiff's mental RFC and the requirements of being an order clerk.  Moreover, under Zavalin,

10  when a VE testifies that a claimant can perform an occupation involving DOT requirements that

11  appear more than the claimant can handle, the ALJ is required to reconcile the inconsistency."  Id.

12  at 846.  "The ALJ must ask the expert to explain the conflict and then determine whether the

13  vocational expert's explanation for the conflict is reasonable before relying on the expert's

14  testimony to reach a disability determination."  Id.; see also Social Security Ruling 00-4p

15  (providing that when there is an apparent unresolved conflict between the vocational expert's

16  testimony and the DOT, the ALJ must clarify the discrepancy).

17         Here, defendant concedes that "[t]he ALJ appears to have erred by not resolving this

18  conflict," but argues that any such error is harmless due to the purported availability of 200,000

19  dowel inspector jobs.  (ECF No. 14 at 7.)  As discussed above, that finding is not supported by

20  substantial evidence, and thus the ALJ's error as to the second job is not harmless.[3]  For the

21  foregoing reasons, plaintiff is entitled to summary judgment.

22  REMEDY

23         With error established, the court has the discretion to remand or reverse and award

24  benefits.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded

25  under the "credit-as-true" rule for an award of benefits where:

26              (1) the record has been fully developed and further administrative

27

28  [3] As it is not clear plaintiff could perform this job, the court does not reach plaintiff's argument as
    to the number of order clerk jobs in the national economy.

8

1

2

3

> proceedings would serve no useful purpose; (2) the ALJ has
> failed to provide legally sufficient reasons for rejecting evidence,
> whether claimant testimony or medical opinion; and (3) if the
> improperly discredited evidence were credited as true, the ALJ
> would be required to find the claimant disabled on remand.

4

5 Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).  Even where all the conditions for the

6 "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when

7 the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within

8 the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

9 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative

10 proceedings would serve no useful purpose, it may not remand with a direction to provide

11 benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir.

12 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the

13 proper approach is to remand the case to the agency.").

14        Here, the record as a whole creates serious doubt as to whether plaintiff was disabled

15 during the relevant period.  In a similar case in this district, Rhoades v. Comm'r, No. 2:18-cv-

16 1264 JAM KJN, 2019 WL 3035517 (E.D. Cal. July 11, 2019), findings and recommendations

17 adopted in 2019 WL 4605713 (E.D. Cal. Aug. 8, 2019), the magistrate judge rejected plaintiff's

18 proposed remedy of having the court sift through the factual evidence of available jobs.  Rather,

19 the Rhodes court reasoned that "the governing statute directs the agency, not the courts, to 'make

20 findings of fact, and decisions as to the rights of any individual applying for [disability benefits].'

21 42 U.S.C. § 405(b)(1). . . . As Plaintiff recognizes, the record is not fully developed, and so under

22 the statute the ALJ must make such findings."  Id. at *1, citing Treichler, 775 F.3d at 1106.

23        Here too, the undersigned finds that remand for further development of the record is

24 appropriate, as the record as a whole creates serious doubt as to whether plaintiff was disabled

25 during the relevant period.  As it appears that the ALJ's findings in Steps One through Four are

26 not in dispute, the court remands "primarily for a proper determination on [Step Five], and

27 recommends the ALJ investigate other issues only as absolutely necessary to a new decision."

28 See Rhodes, 2019 WL 3035517, *2.  On remand, the ALJ may obtain supplemental vocational

1    expert testimony and consider "reliable job information available from various governmental and

2    other publications" as contemplated by 20 C.F.R. § 416.966(d).  The court expresses no opinion

3    regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies

4    resolved, on remand.  The court also does not instruct the ALJ to credit any particular opinion or

5    testimony.  The ALJ may ultimately find plaintiff disabled during the entirety of the relevant

6    period; may find plaintiff eligible for some type of closed period of disability benefits; or may

7    find that plaintiff was never disabled during the relevant period, provided that the ALJ's

8    determination complies with applicable legal standards and is supported by the record as a whole.

9        Accordingly, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for

10    further administrative proceedings.

11        Accordingly, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's motion for summary judgment (ECF No. 11) is partially granted and

13    judgment entered in plaintiff's favor, but denied as to remedy;

14        2.  The Commissioner's motion for summary judgment (ECF No. 14) is denied; and

15        3.  This matter is remanded for further proceedings consistent with this Order.

16

17    Dated:  September 21, 2020

18    _____

       CAROLYN K. DELANEY

19    UNITED STATES MAGISTRATE JUDGE

20

21

22      .

23

24

25    2/rael1448.ssi.ckd

26

27

28